United States Courts
Southern District of Texas
F I L E D

DEC 17 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

---

| | |
|---|---|
| LEONARD KRAMER, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:25-cv-420 |
| § | |
| LINEBARGER GOGGAN BLAIR § | |
| & SAMPSON, LLP, § | |
| Defendant. § | |

---

## COMPLAINT FOR VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

This is a civil action arising from a collection letter sent to Plaintiff by a private law firm acting on behalf of the City of Galveston. The matter concerns a civil parking citation that Plaintiff had fully paid months earlier, which was later treated as unpaid. Galveston's parking system is a civil administrative process, not a criminal one, and citizens ordinarily expect that once a payment is accepted and processed by the City, the matter is resolved.

This lawsuit does not challenge the validity of Galveston's ordinances or its authority to issue civil parking citations. It is not an action to contest a parking ticket. It concerns only the contents and legal effect of the collection letter Plaintiff received. The facts described below set out the events that gave rise to this action.

Plaintiff brings this action under the FDCPA, 15 U.S.C. § 1692 et seq., and the Texas Debt Collection Act, based on Defendant's conduct. Plaintiff alleges that, on its face, the Defendant's collection letter attached as Exhibit A violates the FDCPA and the Texas Debt Collection Act.

Plaintiff Leonard Kramer files this Complaint against Defendant Linebarger Goggan Blair & Sampson, LLP, and states as follows:

## I. PARTIES

1. Plaintiff Leonard Kramer is an individual residing in Brazoria County, Texas, which is within the Galveston Division of the United States Southern District of Texas.

2. Defendant Linebarger Goggan Blair & Sampson, LLP ("Linebarger") is a Texas limited liability partnership and a law firm engaged in debt collection activities. Linebarger may be served by delivering the summons and complaint to an officer or managing agent at its office located at 2700 Via Fortuna Drive, Suite 500, Austin, Texas 78746, in accordance with Federal Rule of Civil Procedure 4(h)(1)(B).

## II. JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a) because all claims arise from the same conduct—the collection letter described in this complaint.

4. Venue is proper in the Galveston Division of the Southern District of Texas under 28 U.S.C. § 1391(b) because Plaintiff resides in this division and the events giving rise to this action occurred here.

## III. FACTUAL BACKGROUND

5. On or about November 3, 2025, Defendant mailed Plaintiff a written communication ("letter") attempting to collect an alleged unpaid civil parking citation. Exhibit A is a true and correct copy of that letter. Plaintiff had already paid both the City parking fee and the civil citation arising from the parking event.

6. The November 3, 2025 letter is the first written communication Plaintiff ever received from Defendant regarding this alleged obligation. The mailed letter was accompanied with a mirrored Spanish language version.

7. On October 19, 2024 (the prior year), Plaintiff parked his personal vehicle in a City-managed, on-street, time regulated parking space in Galveston for ordinary personal purposes. Plaintiff paid the required parking fee for that session, entering into a commercial transaction in which the City provided a parking service for personal use. The

civil parking citation issued during that session (violation code PK7) arose directly from, and as a condition of, Plaintiff's use of that paid parking service, because such citations are part of the terms and conditions governing access to and use of the City's parking facilities. Plaintiff later paid the citation in full on December 23, 2024, using his personal bank account. Under Galveston City Code § 34-174, such citations are civil administrative matters, and the obligation Defendant attempts to collect therefore arises from Plaintiff's personal use of a municipal service and from a consumer transaction undertaken for personal, household purposes. The obligation Defendant attempts to collect would not exist absent Plaintiff's voluntary acceptance of the parking services.

8. When attempting to pay online, Plaintiff found that the City's portal did not display the citation. After contacting the City at the number printed on the ticket, he was instructed to use an alternate automated phone payment system. A City telephone attendant informed him of the amount then due, which included the applicable late penalty. Plaintiff completed payment through that phone system on December 23, 2024, received confirmation number 155469, and his bank statement shows two corresponding transactions: (a) $95.25 to "OPC*CITY OF GA GALVESTON TX" for the citation and (b) $4.95 to "OPC FINE*SERVI ELKHORN NE" for the processor fee. These records reflect that the City received and processed Plaintiff's payment.

9. The City accepted payment by debiting Plaintiff's bank account on December 23, 2024. To Plaintiff's knowledge and belief, no further action was required of him once payment was completed.

10. The City's publicly posted schedule provides for a civil monetary assessment and a single late fee for this violation type. Plaintiff paid the amount the City instructed him to pay, and the City processed the payment. Plaintiff received no delinquency notices, balance-due notices, late-fee notices, or any communication from the City suggesting any remaining or additional balance.

11. Nearly eleven months passed with no communication from the City concerning the citation. The November 3, 2025 letter from Defendant was the first written communication Plaintiff received regarding any alleged balance.

12. Defendant's letter does not include any of the disclosures required by 15 U.S.C. § 1692g(a), including notice of Plaintiff's right to dispute the debt and obtain verification.

13. The letter also fails to disclose that it is from a debt collector attempting to collect a debt, as required by 15 U.S.C. § 1692e(11).

14. Because Plaintiff had already paid the citation, Defendant's attempt to collect an alleged outstanding balance falsely represents the character and legal status of the obligation.

15. The letter states that Plaintiff "may have additional citations not listed here" and warns of "additional add-on charges" if he does not "take care of this matter now." Plaintiff is aware of no Galveston ordinance or administrative procedure authorizing any additional penalties or fees once a civil citation has been paid and closed. No such notices were ever issued.

16. Plaintiff has no other outstanding citations, and his December 23, 2024 bank statement confirms this citation was paid in full. Defendant's letter asserts that "Municipal Court records show" the matter unresolved, but Plaintiff received no communication from the Municipal Court indicating any unpaid balance. The letter's formatting and language—including the requirement to pay by cashier's check or money order—resembles a formal court notice and reinforces a false impression of governmental origin.

17. Defendant demands $121.88 without itemization or explanation, even though Plaintiff paid $95.25, to the City on December 23, 2024, and after being instructed to pay the amount then required by the City. Plaintiff received no notice from the City indicating any remaining balance before receiving Defendant's letter, and the letter provides no calculation or statutory basis for the amount demanded.

18. The letter provides no dispute procedure or validation rights whatsoever. The only "procedure" mentioned concerns bankruptcy and is unrelated to Plaintiff's statutory rights under §1692g(a). The omission of all §1692g(a) disclosures is apparent on the face of the letter.

19. Defendant's letter contains standardized formatting, boilerplate text, a detachable payment coupon, and postal routing codes characteristic of automated mass-mailed consumer debt-collection notices.

20. As a result of receiving the letter, Plaintiff became concerned that his payment had not been credited and that penalties might follow. Plaintiff spent time reviewing his records, confirming payment, and attempting to understand Defendant's demand.

21. Plaintiff immediately recognized the letter appeared irregular because it lacked customary debt-collection disclosures and asserted a non-zero balance on a citation that had been paid months earlier, and he questioned whether the communication was illegitimate or a debt-collection notice subject to statutory requirements. Plaintiff therefore spent time reviewing the letter and preparing a written dispute, which he sent by certified mail enclosing proof of payment and demanding that Defendant cease collection. Plaintiff incurred postage costs and expended time and effort preparing and sending the dispute.

22. Defendant's statements that "Municipal Court records show" the citation unresolved and that Plaintiff "may have additional citations" required Plaintiff to retrieve transaction confirmations, review his bank statements, and locate the original citation—steps he would not otherwise have taken.

23. The letter's references to "Municipal Court records," warnings of "add-on charges," and overall resemblance to a governmental notice created confusion and apprehension that the City might take adverse action despite Plaintiff's full payment.

24. The absence of the disclosures required by §1692g(a) deprived Plaintiff of information needed to understand his rights and required him to reconstruct his payment history and prepare his dispute to protect those rights.

25. Plaintiff's injuries were personal to him, directly traceable to Defendant's communication, and capable of being remedied by the relief he seeks.

26. Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3). The alleged obligation arose from Plaintiff's personal use of his vehicle for personal purposes. Any payment was made from Plaintiff's personal bank account, making the obligation a "debt" under 15 U.S.C. § 1692a(5).

27. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6). Among other facts alleged herein, Defendant used U.S. mail to send Plaintiff a written demand attempting to collect an asserted monetary obligation owed to the City of Galveston, a creditor.

28. Defendant's letter included boilerplate language instructing Plaintiff to provide bankruptcy case information if he was "now a debtor in bankruptcy" or had been "discharged from debts through a bankruptcy proceeding." (Exhibit A at 1). This language is commonly used in mass-mailed consumer-debt collection correspondence.

29. The absence of all §1692g(a) disclosures is clear from the face of Defendant's letter. An accompanying Spanish-language version mirrored the English-language notice and contained the same defects.

### IV. CAUSE OF ACTION

#### COUNT I
#### Violation of 15 U.S.C. § 1692g(a)
#### (Failure to Provide Mandatory Validation Notice)

30. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

31. Defendant's letter to Plaintiff did not contain the mandatory validation notice required by 15 U.S.C. § 1692g(a).

32. Defendant's failure to include the required disclosures constitutes a per se violation of the FDCPA.

#### COUNT II
#### Violation of 15 U.S.C. § 1692e(11)
#### (Failure to Disclose Communication Was From a Debt Collector)

33. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

34. Defendant failed to disclose that the letter was from a debt collector attempting to collect a debt.

#### COUNT III
#### Violation of 15 U.S.C. §1692e(2)(A)
#### (False Representation of Debt)

35. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

36. Defendant attempted to collect a debt that had already been paid in full. Because the citation had been paid, there was no legally enforceable obligation, and Defendant's representation that a balance was owed was false. Attempting to collect a nonexistent or fully satisfied obligation constitutes a false representation under §1692e(2)(A).

## COUNT IV
## Violation of 15 U.S.C. §1692e(5)
### (Threatening Action That Cannot Legally Be Taken)

37. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

38. The FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

39. Defendant's letter warned that Plaintiff "may have additional citations not listed here" and that "additional add-on charges" could be imposed if he did not "take care of this matter now." (Exhibit A).

40. As alleged above, Plaintiff had already paid the civil citation in full on December 23, 2024. The City of Galveston accepted this payment, issued no delinquency or balance-due notices, and remained silent for nearly eleven months.

41. Plaintiff is aware of no Galveston ordinance or administrative procedure authorizing the imposition of new penalties, fees, or "add-on charges" on a civil parking citation that has been fully paid and therefore extinguished for months.

42. Because the City had accepted payment, provided no delinquency or balance due notices and remained silent for nearly eleven months, Defendant's warning of new penalties, fees or "additional add-on charges" was a threat to take action, for which Plaintiff is aware of no legal authority, in connection with a fully paid and extinguished civil parking citation, in violation of 15 U.S.C. § 1692e(5).

## COUNT V
## Violation of 15 U.S.C. § 1692e(10)
### (False, Deceptive, or Misleading Representations)

43. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

44. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e(10).

45. Defendant's letter contains several false and misleading statements, including:
    a. "Municipal Court records show" the citation was unresolved, even though Plaintiff had paid the citation in full;

    b. "There is no indication that you have resolved this matter," which was untrue; and

    c. Plaintiff "may have additional citations not listed here," despite no factual basis for suggesting additional unpaid obligations.

46. These false statements created the misleading impression that Plaintiff owed money he did not owe and that additional unresolved violations existed.

47. Defendant's conduct constitutes the use of false, deceptive, and misleading representations in violation of 15 U.S.C. § 1692e(10).

## COUNT VI
## Violation of 15 U.S.C. § 1692f
### (Unfair or Unconscionable Means to Collect a Debt)

48. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

49. The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

50. Defendant attempted to collect a civil parking citation that Plaintiff had already paid in full. Attempting to collect a non-existent or fully satisfied obligation is an unfair practice within the meaning of 15 U.S.C. § 1692f.

51. Defendant promoted urgency by warning of "inconveniences" and "additional add-on charges," and instructing Plaintiff to "take care of this matter now."

52. Defendant's conduct constitutes the use of unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

## COUNT VII
## Violation of 15 U.S.C. § 1692e(9)
### (False Representation or Implication of a Government Document)

53. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

54. The FDCPA prohibits a debt collector from using written communication that simulates, or falsely represents, a document authorized, issued, or approved by a court or governmental agency. A debt collector may not create a false impression that it acts on behalf of, or with the authority of, a governmental body.

55. Defendant's letter adopts formatting and presentation that closely resembles an official notice from the Galveston Municipal Court. The letter (and inclusion of a Spanish language duplicate in the same mailing) references "Municipal Court records" and directs payments to "GALVESTON MUNICIPAL COURT." It also includes a detachable payment coupon styled like those used in court-generated citations and government remittance forms. As shown on Exhibit A, the payment coupon prominently identifies the payee as "GALVESTON MUNICIPAL COURT" in bold block lettering— a formatting feature reinforcing the false and misleading impression the communication originates from, or is formally authorized by, the Municipal Court itself.

56. The overall presentation of the letter — including its formatting, structure, and language — falsely implies that it originates from, or is formally approved by, the Galveston Municipal Court rather than from a private debt-collection law firm.

57. Defendant's letter falsely implying governmental authorization or origin constitutes a violation of 15 U.S.C. § 1692e(9).

## COUNT VIII
### Violation of Texas Finance Code § 392.304(a)(8)
### (Misrepresenting the Character, Extent, or Amount of a Consumer Debt)

58. Plaintiff incorporates Paragraphs 5 through 29 as if set forth fully herein.

59. The Texas Debt Collection Act ("TDCA") prohibits a debt collector from misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code § 392.304(a)(8).

60. Defendant's letter falsely represented that Plaintiff owed a balance of $121.88 on a civil parking citation that Plaintiff had already paid in full. Defendant further asserted that "Municipal Court records show" the matter was unresolved and that "there is no indication that you have resolved this matter," both of which were untrue.

61. Defendant also stated that Plaintiff "may have additional citations not listed here," despite having no factual basis for suggesting the existence of other unpaid obligations.

62. By misrepresenting the amount, status, and character of the alleged obligation, Defendant violated Texas Finance Code § 392.304(a)(8).

## V. DAMAGES

63. Defendant's unlawful collection letter caused Plaintiff concrete injury. Plaintiff expended time and effort reviewing his records, confirming the status of the alleged obligation, and responding to Defendant's demand. This resulted in confusion, stress, and disruption of daily activities — harms recognized as actual damages under the FDCPA.

64. Defendant's conduct also forced Plaintiff to incur incidental expenses reasonably related to addressing the false demand, including costs of correspondence and document preparation.

65. Under 15 U.S.C. § 1692k(a)(1), Plaintiff seeks actual damages for these injuries. In addition, Plaintiff is entitled to statutory damages of up to $1,000 under § 1692k(a)(2)(A), taking into account the frequency, persistence, and intentional nature of Defendant's violations.

66. Plaintiff further seeks recovery of the costs of suit under § 1692k(a)(3), and any other relief the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court
- A. Award actual damages under 15 U.S.C. § 1692k(a)(1), including the time, confusion, stress, and out-of-pocket expenses caused by Defendant's conduct;
- B. Award statutory damages of $1,000 under 15 U.S.C. § 1692k(a);
- C. Award costs of suit under 15 U.S.C. § 1692k(a)(3);
- D. Grant prospective injunctive relief as permitted by Texas Finance Code §392.403(a)(1);
- E. Grant such other and further relief as the Court deems just and proper.
- F. Should Plaintiff later retain counsel, award reasonable attorney's fees as permitted by 15 U.S.C. §1692k(a)(3).

Respectfully submitted,

/s/ Leonard Kramer

Leonard Kramer
2706 Pine Needle Lane
Pearland, TX 77581
Phone: 832-589-4409
Email: leonard.kramer@ymail.com
Pro Se Plaintiff